DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

CATHERINE SABIN,

                Plaintiff,                2002-CV-0080

   v.

ST. CROIX BASIC SERVICES, UNITED STEELWORKERS OF AMERICA, UNITED STEELWORKERS OF AMERICA, LOCAL CHAPTER 8248

                Defendants.

_____

TO:   Lee J. Rohn, Esq.
        Bernard C. Pattie, Esq.
        Michael J. Sanford, Esq.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT ST. CROIX BASIC**

THIS MATTER came before the Court upon the proposed Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant St. Croix Basic for Complete Responses to Discovery (Docket No. 82).

Having reviewed the proposed joint stipulation, the Court makes the following findings:

Interrogatory No. 1:      "The general rule is that answers to interrogatories should be complete in and of themselves, and should not refer to

*Sabin v. St. Croix Basic Services*
2002-CV-0080
Order Granting Plaintiff's Motion to Compel Defendant St. Croix Basic
Page 2

                    pleadings, depositions, or other documents." *DiPietro v. Jefferson Bank,* 144 F.R.D. 279, 282 (E.D. Pa. 1992) (citation omitted)). Said Defendant shall clarify its response and identify with specificity the document referenced in its original response.

| | |
|---|---|
| <u>Interrogatory No. 2</u>: | Incomplete. Said Defendant shall supplement its response, identifying with specificity the documents referenced in its original response and providing a narrative response regarding any verbal reprimands given to Plaintiff. |
| <u>Interrogatory No. 3</u>: | Nonresponsive. Said Defendant shall fully respond to the interrogatory as written. |
| <u>Interrogatory No. 4</u>: | Incomplete. Said Defendant shall supplement with a detailed description of each complaint. |
| <u>Interrogatory No. 5</u>: | Incomplete. Said Defendant shall supplement with the findings of the investigations, explain the transfer of Plaintiff after the second complaint, and who was interviewed after the second complaint was received. |

*Sabin v. St. Croix Basic Services*
2002-CV-0080
Order Granting Plaintiff's Motion to Compel Defendant St. Croix Basic
Page 3

| | |
|---|---|
| <u>Interrogatory Nos. 6, 7, and 8</u>: | Nonresponsive.  Said Defendant shall provide the requested information in accordance with the Court's Order on Plaintiff's Motion to Compel (Docket No. 45), entered October 6, 2003, a copy of which is attached to the proposed joint stipulation as Exhibit 1. |
| <u>Interrogatory No. 9</u>: | Incomplete.  Said Defendant shall supplement its original response, answering why Plaintiff was selected to be included in the reduction in force and who participated in selecting her and the extent of such participation. |
| <u>Interrogatory No. 10</u>: | Incomplete.  Said Defendant shall supplement its original response, regarding the reason for delay in testing, who conducted the testing, the tests that were given, and who agreed that Plaintiff be scheduled for testing. |
| <u>Interrogatory No. 11</u>: | Nonresponsive. Said Defendant shall identify each individual employed by said Defendant during the period from May 1, 2000, to June 20, 20002, whose employment was terminated and/or wer laid off due to a reduction in force in any department in which Plaintiff performed or was assigned any |

*Sabin v. St. Croix Basic Services*
2002-CV-0080
Order Granting Plaintiff's Motion to Compel Defendant St. Croix Basic
Page 4

        work or duties, including name, last known address, job title, job duties, job responsibilities, beginning and ending dates of employment, race, color, national origin, and gender. Any reference to documents shall identify any such documents with specificity, and the response shall include copies of said documents as attachments.

<u>Interrogatory Nos. 12, 13, 14, and 15</u>:    Incomplete. Said Defendant shall supplement, limited to matters concerning any instances of sexual harassment and/or sexual discrimination. If no further information is available, said Defendant shall so aver and describe its efforts to obtain the information.

<u>Interrogatory Nos. 17 and 18</u>:    Nonresponsive. Said Defendant shall respond fully in accordance with the Court's Order on Plaintiff's Motion to Compel (Docket No. 45), entered October 6, 2003, a copy of which is attached to the proposed joint stipulation as Exhibit 1.

*Sabin v. St. Croix Basic Services*
2002-CV-0080
Order Granting Plaintiff's Motion to Compel Defendant St. Croix Basic
Page 5

Interrogatory Nos. 19-25: Nonresponsive. Said Defendant shall respond with facts currently known in accordance with the Court's Order on Plaintiff's Motion to Compel (Docket No. 45), entered October 6, 2003, a copy of which is attached to the proposed joint stipulation as Exhibit 1.

Demand For Production: Said Defendant shall respond to Demand For Production Nos. 2–9, 11, 14, 16, 17, 19-21, 22-25, 27, 29, 30-36, 40-54, 56-59, 61-63, 65, 66 in accordance with the Court's Order on Plaintiff's Motion to Compel (Docket No. 45), entered October 6, 2003, a copy of which is attached to the proposed joint stipulation as Exhibit 1.

Being thus advised, it is hereby **ORDERED**:

1. Plaintiff's Motion to Compel Defendant St. Croix Basic For Complete Responses to Discovery (Docket No. 82) is **GRANTED**.

2. Said Defendant shall serve, within twenty (20) days from the date of entry of this order, upon counsel for Plaintiff, responses and/or supplemental responses to discovery as more particularly described hereinabove.

*Sabin v. St. Croix Basic Services*
2002-CV-0080
Order Granting Plaintiff's Motion to Compel Defendant St. Croix Basic
Page 6

ENTER:

Dated: November 21, 2007                                    /s/
                                            GEORGE W. CANNON, JR.
                                            U.S. MAGISTRATE JUDGE